IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
WINIFRED MARIE GARNER
and SOPHIA THEUS,
on their own behalf and on
behalf of all other persons similarly situated,
                  Plaintiffs,              Case No. 1:16-cv-6968

      - against -

                             **CLASS ACTION COMPLAINT**
                                **AND JURY DEMAND**

BEHRMAN BROTHERS IV, LLC and
BEHRMAN BROTHERS MANAGEMENT CORP.
                Defendants.
---------------------------------------------------------------- x


**CLASS ACTION COMPLAINT AND JURY DEMAND**

Winifred Marie Garner and Sophia Theus ("Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Behrman Brothers IV, LLC, and Behrman Brothers Management Corp. by and through their counsel allege as follows:

**NATURE OF THE ACTION**

1.     This is a class action for the recovery, by Plaintiffs and other similarly situated employees of the Defendants, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (The "WARN Act"). Although the Plaintiffs

and the other similarly situated employees were nominally employees of, Atherotech, Inc., and Atherotech Holdings, Inc., pursuant to the WARN Act's single employer rule, they were also employees of the Defendants; Behrman Brothers IV, LLC and Behrman Brothers Management Corp. ("Behrman", or the "Defendants"). Plaintiffs and other similarly situated employees of the Defendants, were terminated as part of, or as a result of plant closings, as defined by the WARN Act (hereinafter, "Plant Closings"), ordered by the Defendants on or about February 26 and February 29, 2016 and thereafter. Pursuant to the WARN Act, the Defendants constituted a "single employer". As such, the Defendants violated the WARN Act by failing to give the Plaintiffs and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. This Court has personal jurisdiction over the Defendants because it is organized and existing under New York law and is registered to do business in this district and venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) since Defendants transact business in the Southern District of New York.

## PARTIES

4. Upon information and belief, at all relevant times Defendants were Delaware corporations, headquartered at 126 East 56th Street, New York, New York 10022.

5. Upon information and belief, at all relevant times Defendants, as a single employer, maintained a facility at 201 London Parkway, Ste. 400, Birmingham, AL 35211 (the "Atherotech, Inc. Facility").

6. Upon information and belief, at all relevant times Defendants, as a single employer, maintained a facility at 1853 Data Drive, Birmingham, AL 35244 (the "Atherotech Holdings, Inc. Facility" and collectively with the Atherotech, Inc. Facility, "the Facilities").

7. Plaintiff Winifred Marie Garner was nominally employed by Atherotech, Inc. and, pursuant to the WARN Act, by the Defendants, as a single employer, and worked at Atherotech, Inc. Facility until her termination on or about February 26, 2016.

8. Plaintiff Sophia Theus was nominally employed by Atherotech Holdings, Inc. and pursuant to the WARN Act, by the Defendants, as a single employer, and worked at the Atherotech Holdings, Inc. Facility until her termination on or about February 29, 2016.

9. Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities and who were terminated as part of or as a reasonably foreseeable result of Plant Closings ordered and carried out by the Defendants on or about February 26 and February 29, 2016 and thereafter.

10. Upon information and belief, Defendants as a single employer owned and operated the Facilities until on or about February 29, 2016.

11. On or about February 26 and February 29, 2016 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facilities as part of plant closings as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

12.     Upon information and belief, at or about the time that the Plaintiffs were discharged on or about February 26 and February 29, 2016, Defendants discharged approximately 360 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

13.     On information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members under the WARN Act in that among other things:

(a)     In or about 2010, Behrman Brothers Management Corp. created Behrman Brothers IV, LLC in order to acquire Atherotech, Inc.

(b)     Behrman Brothers IV, LLC was the parent of Atherotech Holdings, Inc. which in turn had a one hundred percent interest in Atherotech, Inc.

(c)     The Defendants, Atherotech Inc., and Atherotech Holdings Inc. all shared common ownership;

(d)     Upon information and belief, each of the Defendants shared common officers and directors with Atherotech Inc. and Atherotech Holdings Inc.  Specifically, the Founding Partner of Defendant Behrman Brothers Management Corp, Grant Behrman, was also the director of Atherotech, Inc. and Atherotech Holdings, Inc.

(e)     Robert (Bob) Flaherty, a Partner at Behrman Brothers Management Corp., was also the Chairman of the Board at Atherotech, Inc. and Atherotech Holdings, Inc.;

(f)     Tom Perlmutter, a Partner at Behrman Brothers Management Corp., was also a Director at Atherotech, Inc. and Atherotech Holdings, Inc.;

(g)     Mark Visser, a Partner at Behrman Brothers Management Corp., was also a Board Member at Atherotech, Inc. and was also a Board Member of Atherotech Holdings, Inc.;

(h)     On information and belief, Atherotech Holdings, Inc. and Atherotech, Inc. maintained common personnel policies which were put into place by Defendants;

(i)     On information and belief, Defendants, at all times maintained de-facto control over the operations and hiring policies of Atherotech, Inc. and Atherotech Holdings, Inc.;

(j)     On information and belief, Atherotech Holdings, Inc. and Atherotech, Inc. were owned, operated and controlled by Defendants;

(k)     On information and belief, in or about January 2015, Defendants appointed Jim McClintic, an employee of Behrman Brothers Management Corp. who it had previously had appointed as President of another Behrman portfolio company, as the new CEO at Atherotech, Inc. and Atherotech Holdings, Inc.

(l)     On information and belief, Defendants exercised complete control over the labor decisions concerning Plaintiffs and the Class Members' employment, including the decision to shut down the Lake Shore Facility and the Data Drive Facility and terminate their employment on or about February 26, 2016 and February 29, 2016 respectively and thereafter.

(m)     On information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by the Defendants.

## CLASS ACTION ALLEGATIONS -29 U.S.C. § 2104 (a)(5)

14. The Plaintiffs and each person they seek to represent herein, were discharged without cause on their part or as the reasonably foreseeable consequence of the Plant Closings ordered by Defendants at the Facilities on or about February 26 and February 29, 2016 and thereafter and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15. The Plaintiffs brings this action on their own behalf and, pursuant to the WARN Act, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated in or about February 26 and February 29, 2016 and thereafter who worked at one of the Facilities and who were terminated as part of or as the foreseeable result of Plant Closings at the Facilities ordered by the Defendants on or about February 26 and February 29, 2016 and thereafter.

16. On or about February 26 and February 29, 2016, Defendants terminated the Plaintiffs' employment as part of a Plant Closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

17. Defendants, as a single employer, failed to give Plaintiffs the statutorily required sixty (60) days advance written notice of the Plant Closings in violation of the WARN Act.

18. Upon information and belief, at or about the time that the Plaintiffs were discharged on or about February 26 and February 29, 2016, Defendants discharged approximately 360 Other Similarly Situated Former Employees at the Facilities without cause on their part.

19. Pursuant to the WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of themselves and each of the Other Similarly Situated Former Employees.

20. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

21. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants without cause on their part.

22. The Plaintiffs and the Other Similarly Situated Former Employees are "affected employees" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

23. Defendants were required by the WARN Act to give the Plaintiffs and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

24. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS PURSUANT TO RULES 23(A) AND (B)**

26. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28.     Common questions of law and fact are applicable to all members of the Class.

29.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The Plaintiffs' claims are typical of the claims of other members of the Class in that, for each of the several acts described above, the Plaintiffs and the Class are, or were, an injured party.

32.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33. The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34. The Class is so numerous as to render joinder of all members impracticable as there are approximately 360 persons who are included in the Class.

35. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

38. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

39. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

40. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

41. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

42. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

43. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a) and continued to operate as a business until it ordered a plant closing and terminations at the Facilities.

44. The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

45. On or about February 26 and February 29, 2016 the Defendants as a single employer ordered Plant Closings at the Facilities.

46. The Plant Closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees at each of

the Facilities as well as 33% of Defendants' workforce at each of the Facilities, excluding "part-time employees," as that term is defined by the WARN Act, 29 U.S.C. §2101(a)(8).

47. The Plaintiffs and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the Plant Closings ordered by Defendants at the Facilities.

48. The Plaintiffs and each of the other members of the Class are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

49. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of their termination.

50. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

51. Each Plaintiff, and each of the other members of the Class are, an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

52. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

WHEREFORE, the Plaintiffs and Class members demand judgment, against the Defendants as follows:

    a. An amount equal to the sum of: unpaid wages, salary, commissions,

      bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

g. Such other and further relief as this Court may deem just and proper;

h. Plaintiffs demand trial by jury.

Dated: September 2, 2016
New York, NY

                        Respectfully submitted,

_____/s/_____

**LANKENAU & MILLER, LLP**
Stuart J. Miller, Esq. (SJM 4276)
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122
sjm@lankmill.com

**THE GARDNER FIRM, P.C.**
Mary E. Olsen, Esq. (OLSEM4818)
M. Vance McCrary, Esq. (MCCRM4402)
210 S. Washington Avenue
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile:  (251) 433-8181
molsen@thegardnerfirm.com

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice
*Attorneys for Plaintiffs and the Putative Class*